UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2893 AGF |
| | ) | |
| STATE OF MISSOURI DISTRICT | ) | |
| ATTORNEY'S OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff seeks leave to proceed in forma pauperis in this action brought pursuant to 42 U.S.C.§ 1983. After reviewing the financial information provided the Court will grant the motion to proceed in forma pauperis. 28 U.S.C. § 1915. However, plaintiff's complaint will be dismissed for frivolousness and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff has named the State of Missouri District Attorney's Office as the sole defendant in this action.

Plaintiff asserts that on January 19, 2011, he was arrested and charged with murder in the first degree and assault in the first degree, as well as two counts of armed criminal action in St. Louis City Court.

Plaintiff asserts that, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, he was subjected to malicious prosecution, false imprisonment and false arrest because he was released from incarceration two years later on a *nolle prosequi*. Plaintiff claims that "a computer contained 64 voice recordings…of evidence of innocence to the St. Louis City Justice Center Courts on May 5, 2011…[h]owever, no immediate process was initiated to restore life or liberty."

Plaintiff asserts that during his incarceration he suffered nerve damage to his right shoulder and hip from "sleeping conditions" at the Justice Center. Plaintiff does not elaborate on how the defendant the District Attorney's Office allegedly caused his injuries other than to state that he was unlawfully incarcerated. Plaintiff seeks monetary damages and expungement of his record.

This is the third time plaintiff has brought this action to this Court. On November 6, 2017, plaintiff filed a lawsuit against the 22nd Judicial Circuit Court of Missouri alleging primarily the same, or similar claims, against the St. Louis City Court. *See Jordan v. 22nd Judicial Circuit Court*, No. 4:17CV2680 RWS (E.D.Mo.). Plaintiff's case was dismissed for failure to state a claim upon which relief may be granted, in addition to being legally frivolous, on November 9, 2017. *Id.*

On November 6, 2017, plaintiff filed almost the same exact action as the instant action against the St. Louis City Justice Center, the City of St. Louis, the St. Louis Metropolitan Police Department and the State of Missouri. *See Jordan v. St. Louis City Justice Center*, No. 4:17CV2681 AGF (E.D.Mo.). The case was dismissed on December 4, 2017, as legally frivolous and for failure to state a claim.[1] *Id.*

## Discussion

The allegations in the complaint are duplicative of the allegations plaintiff brought in the two prior cases in this Court, which the Court dismissed pursuant to 28 U.S.C. § 1915(e). As a result, this complaint will be dismissed as duplicative. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

Additionally, as plaintiff was told in the prior actions before this Court, his claims relating to his assertions under the Fourth and Fourteenth Amendment are barred by the five-year statute of limitations and are subject to dismissal.

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983

---

[1] Plaintiff filed a notice of appeal in this action on December 13, 2017.

claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).[2]

Additionally, plaintiff's claims against the Missouri District Attorney's Office are legally frivolous because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

To the extent plaintiff is attempting to renew his claims against the St. Louis City Justice Center and the St. Louis Metropolitan Police Department, these claims are legally frivolous because these entities cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Furthermore, plaintiff's claims against the State of Missouri are also subject to dismissal, as the State of Missouri is absolutely immune from liability under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

Last, even if plaintiff's claims were not barred by the statute of limitations, plaintiff has not alleged that a policy or custom of the City of St. Louis was responsible for the alleged constitutional violations. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

---

[2]In *Wallace v. Kato*, the United States Supreme Court held that the statute of limitations upon a § 1983 claim seeking damages for a false arrest/false imprisonment in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process. 549 U.S. 384, 397 (2007).

4

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process on plaintiff's complaint as it is legally frivolous and/or it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Dated this 26th day of December, 2017.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE